IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| In re:<br><br>ALFRED RICHARD DUNU and<br>DIANA SASUVI AMEGASHIE,<br><br>Debtors. | Chapter 13<br><br>Case No. 13-62217 |
| ALFRED RICHARD DUNU and<br>DIANA SASUVI AMEGASHIE,<br><br>Plaintiffs,<br><br>v.<br><br>PIEDMONT HOUSING ALLIANCE,<br>    Serve:<br>    Frank Grosch, Chief Executive Officer<br>    1215 East Market St.<br>    Suite B<br>    Charlottesville, VA  22902<br><br>Defendant. | Adversary Proc. No. _____ |

**COMPLAINT TO AVOID LIEN**

Plaintiffs and Debtors, Alfred R. Dunu and Diana S. Amegashie, by their attorneys, pursuant to Section 506 of the U.S. Bankruptcy Code, bring this Complaint to avoid a junior position deed of trust lien held by the Defendant on the Debtor's real property, as follows:

1.    This case was commenced by the Plaintiffs by the filing of a Voluntary Petition under Chapter 13 of the Bankruptcy Code on October 29, 2013.

2.    This Court has jurisdiction under 28 U.S.C. § 1334.  This is a core proceeding.

3. In the Debtors' Chapter 13 Plan and in Schedule A of their Petition, they disclosed that they own a residence located at 5012 Richmond Road, Keswick, VA, valued at $172,600.00, based upon the then-current tax assessment by Albemarle County.

4. A first position Deed of Trust on the property is recorded for the benefit of Virginia Housing Development Authority ("VHDA"). This Deed of Trust was recorded in the Land Records of the Clerk's Office of the Circuit Court of Albemarle County, Virginia, in Deed Book 3882, at page 699, on August 22, 2006.

5. As of the filing date of the Petition VHDA was owed $224,657.81.

6. A second position Credit Line Deed of Trust on the property was recorded for the benefit of defendant Piedmont Housing Alliance. This Deed of Trust was recorded in the Land Records of the Clerk's Office of the Circuit Court of Albemarle County, Virginia, in Deed Book 3275 at page 512, which was subsequently modified by certain recorded Modification Agreements, and subordinated by agreement to the VHDA loan (the "Second DOT"). Upon information and belief, the obligation secured by the Second DOT is exceeds $16,000, but the plaintiffs do not know the exact amount.

8. Because the amount of the first lien on the property held by VHDA exceeds the value of the property, there is no equity to which the Second DOT lien can attach.

9. The Debtors' Chapter 13 Plan when amended, therefore, will propose that the second lien be avoided in its entirety.

10. After confirmation of the amended Chapter 13 Plan, the Debtors propose to submit to the Court for entry an Order voiding the Defendant's lien, and further propose to record this Order in the Land Records of the Clerk's Office of the Circuit Court for Albemarle County, Virginia.

WHEREFORE, the Plaintiffs and Debtors respectfully request that the Court enter an Order declaring that the Second DOT purportedly securing the debt owned by the on the property of the plaintiffs is avoided in its entirety, and awarding such other and further relief as the Court may deem just and proper.

      Respectfully submitted,

      ALFRED RICHARD DUNU and
      DIANA SASUVI AMEGASHIE,

      By counsel.

    /s/ C. Lamar Garren
C. Lamar Garren, VSB # 38491
Scott Kroner, PLC
418 E. Water St.
Charlottesville, VA  22902
(434) 296-2161
Facsimile (434) 293-2073
cgarren@scottkroner.com
    *Counsel for the Plaintiffs/Debtors*